**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSEPH WATKINS, | : | CIVIL NO. 1:CV-04-2808 |
| Petitioner, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| RONNIE R. HOLT, | : | |
| Respondent | : | |

**MEMORANDUM AND ORDER**

On December 27, 2004, Joseph Watkins ("Watkins"), a federal inmate confined at the Federal Correctional Institution at Schuylkill, Minersville, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, challenging the denial of his good conduct time by the Bureau of Prisons (BOP). On June 30, 2005, the petition was dismissed based upon Watkins' failure to exhaust his administrative remedies.  (Doc. 14).  Since the dismissal, Watkins has filed the following motions: two motions for reconsideration (Docs. 16, 18), motion for immediate release (Doc. 17) and motion for a certificate of appealability (Doc. 30).  For the reasons set forth below, the motions will be denied.

I. Discussion.

A motion under Rule 59(e) "must rely on one of three major grounds: '(1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or], (3) the need to correct clear error [of law] or prevent manifest injustice.'" North River Ins. Co. v. Cigna Reinsurance Co., 52 F.2d 1194, 1218 (3d Cir. 1995)(citations omitted); See also, Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985). It is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge v. Susquehanna Univ., 796 F. Supp. 829, 830 (M.D.Pa. 1992).

"A party seeking reconsideration must show more than a disagreement with the Court's decision, and

'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" Database America, Inc. V. Bellsouth Advertising and Publishing Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993).

Essentially, Watkins is dissatisfied with the Court's decision and, in an effort to have his matter heard again, represents that he has now exhausted his administrative remedies. In doing so, he submits a multitude of administrative remedy documents. Respondent accurately describes Watkins' submissions as follows: "Watkins' own exhibits demonstrate that these recent filings were separate administrative remedies from the ones at issue in this case, were filed after Watkins filed the instant petition, and were rejected as improperly filed, with notations that the issues he raised were addressed in previous administrative remedies." (Doc. 23, p. 5). Watkins has not met his burden in that he has failed to demonstrate that there has been an intervening change in the law, that there is newly discovered evidence or that there has been a clear error of law or manifest injustice committed. Consequently, the Court declines to alter the Memorandum and Order entered on June 30, 2005, and the motions for reconsideration will be denied. Further, the motion for release will be denied based upon the determination that Watkins is not entitled to habeas relief.

With respect to the motion for a certificate of appealability, "[f]ederal prisoner appeals from § 2241 proceedings, however, are not governed by [28 U.S.C. §] 2253's certificate of appealability requirement. See 28 U.S.C. § 2253(c)(1)(B) (applying the certificate of appealability requirement to federal prisoner appeals from "the final order in a proceeding under section 2255"); see also Sugarman v. Pitzer, 170 F.3d 1145, 1146 (D.C.Cir.1999) ("We hold that a COA is not required for federal prisoner § 2241 appeals."); Ojo v. INS, 106 F.3d 680, 681 (5th Cir.1997)." U.S. v. Cepero, 224 F.3d 256, 264-265 (3d Cir, 2000). His request for a certificate of appealability will therefore be denied.

II.  Order.

**AND NOW**, this 12th day of October 2005, **IT IS HEREBY ORDERED THAT** the motions for reconsideration (Docs. 16, 18), motion for release (Doc. 17), and motion for a certificate of appealability (Doc. 30) are DENIED.

                                                   S/ Yvette Kane
                                                   Yvette Kane
                                                   United States District Judge